692

JOHN L. GANNON [ISB# 1975]
Attorney at Law
1101 W. River Street, Suite 110
Boise, ID 83702
Telephone: (208) 433-0629
Facsimile: (208) 343-5807
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAURICE P SORELLE JR<br><br>Plaintiff<br><br>vs.<br><br>HOUSEHOLD FINANCE CORPORATION,<br>a Delaware Corporation<br><br>Defendant. | CASE NO. CIV 05-142-S-LMB<br><br>COMPLAINT AND<br>JURY DEMAND |

COMES NOW the Plaintiff who complains and alleges as follows:

GENERAL ALLEGATIONS

I

At all times herein mentioned the Defendant is a lender and one who reports the status of accounts and is therefore subject to the provisions of the Fair Credit Reporting Act 15 USC 1681 et seq

II

Jurisdiction of this Court over this claim is based upon the Fair Credit Reporting Act 15 USC 1681p and 28 USC 1331.

III

At all times herein mentioned Plaintiff resided in Boise, Ada County, Idaho and Defendant

COMPLAINT AND JURY DEMAND - 1

was doing business in said County.

IV

At all times herein mentioned Plaintiff is a consumer as defined by the referenced Act.

## COUNT I

I

At some time in the year 2000 Defendant apparently loaned directly or by check the approximate amount of $5000 to Plaintiff's father Maurice P Sorelle Sr.

II

Plaintiff never received funds or had any loan or account with defendant.

III

On or about May 10, 2001, Maurice P Sorelle Sr filed a Chapter 7 Bankruptcy and included a Beneficial/Household account in said Bankruptcy. Said account was fully and finally discharged by said Bankruptcy on August 22, 2001.

IV

Thereafter, the Defendant caused the account to be listed as a "Charge Off" without any reference to the Bankruptcy on the Equifax credit report of the Plaintiff - Maurice P Sorelle Jr. It is still listed this way today.

V

Plaintiff has never received a bill or any written correspondence from the Defendant

VI

Plaintiff caused an attorney to write dispute letters to Equifax on 4 occasions:

(1) On or about September 6, 2002, Plaintiff disputed this account with Equifax and included

**COMPLAINT AND JURY DEMAND - 2**

a copy of his drivers license, social security card and electric bill. This account was not removed or changed, although his fathers address was deleted from his credit report.

(2) After being denied credit, Plaintiff had an attorney write a dispute letter on June 27 2003, and said letter was sent to Equifax with enclosures including Maurice P Sorelles bankruptcy discharge and the creditors listing showing this account. This account was not changed or deleted.

(3) On or about March 20, 2004, Plaintiff had an attorney write a dispute letter to Defendant directly, and a copy was sent to Equifax. Defendant did not reply.

(4) On or about April 23, 2004, Plaintiff had an attorney write a followup letter to Equifax and Equifax again investigated Plaintiffs credit file . No change was made.

In February 2005 Plaintiff employed Clearwater Mortgage to refinance his home, and CIS West contacted Defendant and received no response and Plaintiff and his broker also contacted Defendant by phone and there was no response.

VII

At no time did Defendant alter its report to Equifax.

VIII

. The conduct of the Defendant violates 15 USC 1681 (s) 2(b).in that the Defendant did not consider the information provided; did not reasonably investigate or evaluate this account, and continued to misreport this account despite many opportunities to correct it. Other sections of the FCRA may be violated too.

IX

Further, it appears that the Defendant unlawfully obtained copies of Plaintiffs credit report according to statements in the Equifax credit reports that have been provided to Plaintiff. Plaintiff never has been a customer of Defendant.

**COMPLAINT AND JURY DEMAND - 3**

X

The actions taken by the Defendants were wilful and intentional and the Defendants are therefore liable pursuant to 15USC1681(n) for actual damages of $5000 because of the emotional distress and frustration he has endured and interest savings on his home mortgage lost because he was unable to refinance his home for 3 years, and his mortgage broker fee of $1995; or in the minimum amount of $1000 statutory damages, and costs and attorneys fees.

Should this matter proceed by default such reasonable costs and attorneys fees are $3000.

## COUNT II

I

Plaintiffs replead Paragraphs I-IX of Count I

II

The conduct of the Defendant is negligent, careless and without any reasonable care and violates 15 USC 1681 (s) 2(b) in that the Defendants did not consider the information provided and continued to misreport this account.

III

The actions taken by the Defendants were wilful and intentional and the Defendants are therefore liable pursuant to 15USC1681(n) for actual damages of $5000 because of the emotional distress and frustration he has endured and interest savings on his home mortgage lost because he was unable to refinance his home for 3 years, and his mortgage broker fee of $1995; or in the minimum amount of $1000 statutory damages, and costs and attorneys fees.

Should this matter proceed by default such reasonable costs and attorneys fees are $3000

III

DEFAMATION

I

Plaintiff repleads each and every allegation and fact pleaded Paragraphs I -IX of Count I

II

Defendants have intentionally continued to report this account as belonging to Maurice P Sorelle Jr's charged off bad debt and continued to refuse to affirmatively correct this account, and the Defendants report of this account is untrue and false.

III

As a result of this defamation the Defendant is liable for the interest savings on his home mortgage lost because he was unable to refinance his home for 3 years, and his mortgage broker fee of $1995, and general damages in an amount to be proven at Trial.

ATTORNEYS FEES

Plaintiff requests and is entitled to costs and attorneys fees pursuant to either Count I or Count II as provided and allowed by 15 USC 1681n and 1681o and Plaintiff asks for a reasonable attorneys fee in the amount of $3000 in the event this matter proceeds by default. Plaintiff further asks for an attorneys fee award in Count III pursuant to Idaho Code 12-120(1) and 12-121.

WHEREFORE Plaintiff asks for the following relief:

1. A Judgment from this Court determining that the Defendant should instruct Equifax to delete this account from Plaintiffs credit report.

2. A Judgment in favor of Plaintiff MAURICE P SORELLE JR in the amount of $10,000 for actual damages or the $1000 minimum statutory amount, whichever is greater as proven at trial pursuant to Count I ; or in the amount of $10,000 for actual damages or such greater amount as

COMPLAINT AND JURY DEMAND - 5

proven at trial pursuant to Count II; or in the amount of actual damages of $6996 plus general damages in such amount as is proven at trial pursuant to Count III.

3. Costs as provided by Rule and Law and Attorneys Fees pursuant to 15 USC 1681n and 1681o, Idaho Code 12-121. If this matter proceeds by Default, Plaintiff asks for an award of $3000.

4. Such other relief as the Court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated April 13, 2005

By _____